UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ALLEN,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.
_____/

Case No. 2:08-cv-10401

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING THE PETITION
WITHOUT PREJUDICE, EQUITABLY TOLLING THE STATUTE OF
LIMITATIONS, AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Kevin James Allen is currently incarcerated at the Thumb Correctional Facility, Lapeer, Michigan, in the custody of Respondent Blaine Lafler. This matter comes before the Court on Allen's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the record, the Court finds that Allen has failed to properly exhaust his state court remedies as to all of his claims. The Court will therefore dismiss the petition to allow Allen to exhaust his state remedies. As the statute of limitations is a concern in this case, the Court will also toll the statute of limitations while Allen exhausts his state remedies, provided he pursue his state remedies within 30 days of the date of this order and return to this Court within 30 days of exhausting his state remedies. Finally, the Court will deny a certificate of appealability.

**FACTS AND PROCEDURAL HISTORY**

Allen's incarceration stems from a April 2004 home invasion, assault and armed robbery involving two victims. Allen was tried jointly with Ondre Quintrell Huling and Adam T. Meyers, before separate juries, in Oakland County Circuit Court in September, 2004. He was convicted by a jury of two counts of armed robbery, one count of first-degree home

invasion, and two counts of assault with intent to do great bodily harm less than murder. In October 2004, Allen was sentenced to 5-to-10 years in prison on each of the assault convictions; 20-to-30 years in prison on each of the armed robbery convictions; and 10-to-20 years in prison on the home invasion conviction, with all sentences to run concurrently.

In November 2004, Allen, through counsel, filed an appeal with the Michigan Court of Appeals, raising the following claims:

I. The prosecutor committed multiple acts of deliberate misconduct. She glorified the role of the prosecutor. She impugned the integrity of defense counsel and insulted the defendant. The prosecutor behaved so aggressively in the courtroom that the judge twice instructed her to keep her distance from the defendants. The prosecutor prejudiced the jury against Mr. Allen. The defendant-appellant was denied his constitutional right to a fair trial. The conviction should be reversed.

II. The trial court erred where it prohibited testimony from Tocquien Allen meant to impeach the testimony of Katrina Ewing. The trial court denied Mr. Allen his right to present a defense. The convictions should be reversed.

*See People v. Allen*, No. 258820, Defendant-Appellant's Brief on Appeal, May 13, 2005.

The petitioner claims that he attempted to file a pro per supplemental brief raising claims alleging prosecutorial misconduct, police misconduct, improper identification, failure to hold an evidentiary hearing on restitution, and ineffective assistance of counsel with the Michigan Court of Appeals . The Michigan Court of Appeals docket sheet does not reflect that any supplemental brief was filed. *See* Michigan Court of Appeals Docket Sheet No. 258820. In his reply to the State's response to the petition, the petitioner has submitted a July 28, 2005 letter from the Clerk of the Court of Appeals. In the letter, the Clerk of the Court acknowledges receiving from the petitioner a pro se motion requesting an extension of time, but refuses to accept the motion for filing because petitioner was represented by assigned counsel and because the motion for an extension of time did not accompany a timely-filed brief acceptable under the court's administrative orders. *See* Document No. 12

at 11. There is no evidence in the record of any supplemental brief being actually submitted to or filed with the Michigan Court of Appeals.

On April 25, 2006, the Michigan Court of Appeals issued an unpublished *per curiam* opinion affirming Allen's conviction and sentence, along with the convictions and sentences of his two co-defendants. *People v. Allen*, No. 258820, 2006 WL 1083609 (Mich. Ct. App. Apr. 25, 2006).

In June 2006, Allen filed a delayed pro se application for leave to appeal with the Michigan Supreme Court. The application for leave to appeal raised only two claims, the claims of prosecutorial misconduct and the claim based on the exclusion of the testimony of Tocquien Allen. See *People v. Allen*, No. 131447, Delayed Pro Per Application for Leave to Appeal at 2 -3 (Document No. 11-14 at 3-4). While Allen checked the box on his Michigan Supreme Court application under "Grounds-New Issues" that said "Yes, I want the Court to consider the additional grounds for relief contained in the following issues, which were not raised in my Court of Appeals brief," he did not list any new issues to be considered or attach any brief other than the brief he filed through counsel to the Michigan Court of Appeals. *Id.* at 7 (Document No. 11-14 at 8).

In January 2008, Allen filed the present habeas petition and brief, and raised the following issues in his brief:

I. The prosecutor committed multiple acts of deliberate misconduct. She glorified the role of the prosecutor. She [impugned] the integrity of defense counsel and insulted the courtroom that the Judge twice instructed her to keep her distance from the defendants. The prosecutor prejudiced the jury against Mr. Allen. The prosecutor prejudiced the jury against Mr. Allen. (sic) The defendant-petitioner was denied his constitutional right to a fair trial. The conviction should be reversed.

II. The trial court erred where it prohibited testimony from Tocquien Allen meant to impeach the testimony of Katrina Ewing. The trial court denied Mr. Allen his right to present a defense. The convictions should be reversed.

3

III. The prosecution [committed] multiple acts of deliberate misconduct when she knowingly presented false testimony and pleaded for sympathy towards the alleged victims, ultimately denying the [petitioner] his state and federal rights to due process and a fair trial.

IV. The detectives [committed] acts of intentional misconduct [when] they intentionally and knowingly presented false information before the district court magistrate, while swearing out an affidavit containing false information. The detectives actions of [coercion] denied the [petitioner] his constitutional rights to a fair and impartial trial, and the due process of law.

V. The in-court identification of the [petitioner] was a result of an illegal pre-trial confrontation. The trial court and [district court] erred when it permitted the admission of the [complainant's] identification testimony, after failing to identify the petitioner while possessing prior knowledge of petitioner. It was improper admission of this identification impeded upon the petitioner's right to due process.

VI. The trial court erred when it did not hold an evidentiary hearing to determine by a preponderance of the evidence the proper amount of loss before ordering the payment of restitution before it determined the defendant's ability to pay.

VII. Trial counsel was constitutionally ineffective when she failed to object to various acts of prosecutorial misconduct and failed to call prosecution witnesses whom were never called to testify. The petitioner's Sixth Amendment right to the effective assistance of trial counsel was violated when trial counsel's performance fell clearly below the normal standard of reasonableness.

## ANALYSIS

A state prisoner seeking federal habeas relief must exhaust his available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b) and (c). "[A] federal court cannot grant habeas relief [on a petition containing unexhausted claims] if there is still a potential state remedy for the state courts to consider." *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Exhaustion requires that the factual and legal basis of each claim in the petition be "fairly presented" to both the state court of appeals and the state supreme court. *Id.* As a general rule, federal district courts should dismiss "mixed" habeas petitions, which are petitions that contain both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Allen's first and second claims for habeas relief have been exhausted. Allen's third, fourth, fifth and sixth claims for habeas relief - alleging prosecutorial misconduct for knowingly presenting false testimony, police misconduct, improper identification, improper failure to hold an evidentiary hearing on restitution, and ineffective assistance of counsel - were never fairly presented to the state courts on his direct appeal, either to the Michigan Court of Appeals or to the Michigan Supreme Court, nor were they raised in any post-judgment motion. As for Allen's third claim, although he raised a claim of prosecutorial misconduct on his direct appeal, he did not present the specific ground of prosecutorial misconduct asserted in his third claim, the knowing procurement of false testimony, to the state courts. Allen's third through sixth claims for habeas relief, therefore, remain unexhausted.

Exhaustion, in the context of habeas cases, only requires a petitioner to employ those state court procedures that are still available. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The exhaustion doctrine does not bar federal habeas review if there is no remaining state avenue from which the petitioner may obtain relief. *Wagner*, 581 F.3d at 419. Here, Allen does have an available state court remedy with which to exhaust his claims of knowing presentation of false testimony, police misconduct, improper identification, failure to hold an evidentiary hearing and ineffective assistance of counsel. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.502. *Id.* There is no statutory time limit to the filing of such a motion, although a defendant is generally limited to one post-conviction motion for relief from judgment. M.C.R. 6.502 (G). According to the record, Allen has never filed a post-conviction motion for relief from judgment. As there has never been a post-conviction motion for relief from judgment filed in the state court proceedings, and as there

is no statutory time limit for filing such a motion, M.C.R. 6.502 remains an available remedy. *Id.*

Allen could exhaust his third, fourth, fifth and sixth habeas claims by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. A habeas petitioner must appeal a denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

In sum, Allen has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Allen's unexhausted claims should be addressed to, and considered by, the state courts.

A petition for habeas relief containing both exhausted and unexhausted claims (i.e. a "mixed" petition) may not be granted and should in most cases be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982). If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, however, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Allen, however, has not sought a stay, and his petition does not, on its face, meet the requirements for stay and abeyance, because the filings fail to establish good cause for failure to exhaust his claims. Allen alleges that his appointed attorney refused to include

6

the current claims in his initial appeal to the Michigan Court of Appeals. He also asserts that he attempted to submit a supplemental brief to the Michigan Court of Appeals raising the additional claims in his habeas petition but that the Michigan Court of Appeals rejected his motion to file a supplemental brief on the grounds that he had a court-appointed attorney at the time and because he failed to include his proposed brief with his motion for additional time. Allen does not, however, allege any cause for failing to raise the unexhausted claims in his application for leave to appeal with the Michigan Supreme Court or in a post-conviction motion for relief from judgment under M.C.R. 6.500.

The Court will therefore dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Jones v. Rapelje*, No. 08-cv-13286, 2009 WL 2143819, * 3 (E.D. Mich. July 13, 2009) (Murphy, J.). The petitioner will then have two options. He may choose to return to the Michigan state courts and exhaust his unexhausted claims for relief. Alternatively, he may choose to abandon his unexhausted claims and immediately re-file his petition, alleging only his first two claims for habeas relief that have already been exhausted in the Michigan state courts.

The Court is mindful, however, that there are statute of limitations concerns with the present petition, and federal courts should be cautious not to jeopardize the timeliness of a habeas petition. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2001). The Court will therefore apply the equitable tolling approach approved of by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Sixth Circuit held in *Hargrove* that a district court acted within its discretion when it dismissed the petition without prejudice, in order to allow the petitioner to exhaust his state remedies, and, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal

7

and returning to federal court within 30 days after exhaustion. *Id.* at 719; *see Griffin v. Rogers*, 399 F.3d 626, 634-35 (6th Cir. 2005) (*Hargrove* and *Palmer* create rule of mandatory equitable tolling for petitioners who file their federal habeas petitions within the statute of limitations but are then forced to return to state court to exhaust certain claims).

The rule of *Hargrove* and *Palmer* apply here. Allen's petition for writ of habeas corpus was filed with this Court in a timely manner, and his unexhausted claims are not, on their face, plainly meritless. The Court will therefore apply the equitable tolling timing solution and the safeguards approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and shall prospectively toll the one-year limitations period from January 28, 2008, the date Allen filed this petition, until Allen returns to federal court. The tolling of the limitations period is contingent upon Allen complying with the conditions indicated below.

**CERTIFICATE OF APPEALABILITY**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petitioner's habeas claims have not been exhausted

and that there remains an available avenue for relief in the state courts.  The Court will therefore deny a certificate of appealability.

## ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is **TOLLED** from January 28, 2008, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, **PROVIDED** that petitioner either (1) files a motion for post-conviction relief with the state courts of Michigan within 30 days of the date of this order and returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings, or (2) files a new petition for habeas relief within thirty days of this order, which petition contains only those claims that have already been exhausted in the state courts of Michigan.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: December 6, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 6, 2010, by electronic and/or ordinary mail.

                                              Alissa Greer
                                              Case Manager